# EXHIBIT C



Mary Gertsmeier
*Professional Liability Specialist*
630-521-8449
mgertsmeier@Hanover.com

Via Electronic Mail
Via Certified Mail

September 18, 2019

Mr. Drew J. Bauman
Law Offices of Drew J. Bauman
658 Ridgewood Road
Maplewood, NJ 07040

Re:     Notice of Claim:           01/07/2019
        Claimant:                  Jim Woerner
        Hanover File:              19-00365208
        Hanover Policy:            LHY D729578-00
        Policy Effective date:     010/17/2018 – 10/17/2019

Dear Mr. Bauman:

Hanover Insurance reviewed the coverage issues arising from the wire fraud claim which you reported on January 7, 2019 and denied coverage on January 30, 2019.  On September 12, 2019, Hanover received notice of the claimant's lawsuit filed against you entitled, "*James Woerner v Drew J. Bauman; Law Office of Drew J. Bauman, John / Jane Does 1-5 (names being fictitious and unknown,) ABC Information Technology Corporations 6-10 (names being fictitious and unknown) and DEF Cyber Thief, ( name being fictitious and unknown),* filed in the Superior Court of New jersey Law Division; Monmouth County, Docket Number MON-I-3086-19.

Based upon the review of the lawsuit and your policy of insurance, please be advised that Hanover is maintaining its coverage denial due to the false pretense exclusion which we explain further herein. It is our position that coverage is not triggered under the policy.   Pursuant to *Burd v. Sussex Mutual Insurance Co.*, 56 N.J. 383 (1970, to the extent that Hanover is shown that this is a covered claim under the policy, Hanover will reimburse you reasonable defense costs.

*Claim Background*.
Hanover understands the claim circumstances as follows. We do not accept the allegations as accurate.  The claimant alleges your law firm was retained to represent him in the purchase of property.  You had a fiduciary duty to protect the claimant's email and confidentiality of all communications between your firm and the claimant.  You allegedly breached your duties due to DEF Cyber Thief's ability to hack into the firm's email system and gain access to the email communication between them.  As a result, DEF Cyber Theft sent an email to the claimant posing as your firm and instructed the claimant wire $50,450.98 to an unauthorized account.

The alleged failure to take security precautions and protect the claimant's file and communications, failure to secure email accounts, failure to prevent your computer system from being used by unauthorized third parties, failure to have in place a method of orally confirming instructions for wire transfers, a protocol in place to properly counsel clients with respect to the transfer of money in real estate transactions, and failure to monitor to your computer network resulted in the theft of the claimant's funds. The claimant demands compensatory and punitive damages along with attorney fees, interest, and the costs of this action.

*Policy Coverages*.

At the time that you reported this matter, Hanover had a Claims-Made and Reported Lawyer's Professional Liability Policy in place that was issued to The Law Office of Drew J. Bauman under number LHY D729578 00 with effective dates of October 17, 2018 through October 17, 2019.  The policy retroactive date is full prior acts. The policy provides $2,000,000 per claim for professional liability services which includes privacy breach and security breach coverage and $2,000,000 in the aggregate limits, subject to $2,500 per claim deductible. The deductible applies from dollar one to damages and claim expenses.

The policy contains the following pertinent terms, exclusions and conditions that are pertinent to this claim.

In consideration of the premium paid, in reliance upon the statements in the **Application** and subject to the Declarations, limitations, conditions, definitions and other provisions of this Policy, including endorsements hereto, the **Insurer** and the **Insureds** agree as follows:

I. **INSURING AGREEMENTS**

    A.1. <u>**Professional Services Liability**</u>

        The **Insurer** will pay on behalf of the **Insured**, **Loss** which the **Insured** is legally obligated to pay due to a **Claim** first made against the **Insured** during the **Policy Period**, or the Extended Reporting Period if applicable, arising from a **Wrongful Act** in the rendering or failure to render **Professional Services**, provided that:

        1. The **Wrongful Act** must have first occurred on or after the applicable Retroactive Date(s);

        2. The **Insured** had no knowledge of the **Claim** or facts which could have reasonably caused such **Insured** to foresee the **Claim**, prior to the effective date of this Policy; and

        3. The **Claim** or **Potential Claim** is reported to the **Insurer** pursuant to Section X. Reporting.

**D. DEFINITIONS**

**Claim means any:**

    A. Oral or written demand received by an **Insured** for monetary or non-monetary relief including injunctive relief;

    B. Civil proceeding commenced by the service of a complaint or similar pleading;

    C. Formal administrative or regulatory proceeding commenced by the filing of charges, formal investigative order or similar document;

    D. Arbitration or mediation proceeding commenced by the receipt of a demand for arbitration or mediation or similar document; or

    E. Written request first received by an **Insured** to toll or waive a statute of limitations relating to a potential **Claim** described in A. through D. above;

    Against an **Insured** for a **Wrongful Act**, including any appeal therefrom.

**Computer** means a device or group of hardware devices on which software, applications, script, code and computer programs containing Data can be operated and viewed.

**Confidential Record** means:

    A. A natural person's first name or first initial and last name in combination with:

        1. Non-public personally identifiable information, as defined in applicable federal, state, local or foreign legislation or regulations including, social security number, driver's license number or

EXHIBIT C



Mary Gertsmeier
*Professional Liability Specialist*
630-521-8449
mgertsmeier@Hanover.com

  other personal identification number (including an employee identification number or student identification number);

2. Financial account number (including a bank account number, retirement account number or healthcare spending account number);

3. Credit, debit or payment card numbers;

4. Information related to employment by an **Insured**;

5. Individually identifiable information considered nonpublic personal information pursuant to Title V of the Gramm-Leach Bliley Act of 1999, as amended; or

6. Individually identifiable information considered protected health information pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended;

 B. Trade secrets, data, designs, interpretations, forecasts, formulas, methods, practices, processes, reports or other information not included in 1. through 6. above;

which is owned by an Insured or for which an Insured is legally liable and is intended by an Insured to be accessible only by natural persons or entities it has specifically authorized to have such access

**Cyber Attack** means the transmission of fraudulent or unauthorized Data that is intended to and successfully modifies, alters, damages, destroys, deletes, records, transmits, or consumes information within a System without authorization, including Data that is self-replicating or self-propagating, and which causes the disruption of the normal operation of a System.

**Data** means a representation of information, knowledge, facts, concepts or instructions which are being processed or have been processed in a Computer.

**Loss** means **Defense Expenses** and the amount the **Insured** is legally obligated to pay as a result of a **Claim** including**:**

 A. Monetary judgments, awards or settlements, pre-judgment interest and post-judgment interest, back and front pay, compensatory damages;

 B. Punitive or exemplary damages or the multiple portion of any multiplied damage award if insurable under the law of the jurisdiction most favorable to the insurability of such damages where such jurisdiction has a substantial relationship to the **Insured**, the **Insurer**, or to the **Claim** giving rise to such damages;

 However, **Loss** does not include:

  1. Any amount which an **Insured** is obligated to pay as a result of a **Disciplinary Proceeding**;

  2. Any amount which an **Insured** is obligated to pay as a result of a **Claim** seeking relief or redress for non-monetary damages including injunctive relief;

  3. Any amount deemed uninsurable by law; or

  4. Fines, penalties, sanctions, taxes or fees.

**Personal Injury Offense means:**

 A. Defamation of character, libel, slander, or publication of material in violation of an individual's right of privacy;

    B. Wrongful entry or eviction or other invasion of the right of privacy; or

    C. False arrest, wrongful detention or imprisonment, malicious prosecution, malicious use or abuse of process

**Privacy Breach means:**

    A. The **Insured Entity's** failure to protect a **Confidential Record** including a **Cyber Attack** on the **Insured's Entity's System** or the actions of a **Rogue Employee** which directly results in the unauthorized disclosure of one or more **Confidential Records**;

    B. The theft or negligent loss of hardware, **Media**, **System Output**, **Data** or other documents owned or controlled by, or on behalf of, an **Insured Entity** on which **Confidential Records** are stored or recorded;

    C. The **Insured's** negligent failure to disclose an event referenced in A. or B. above in violation of any **Breach Notice Law**; or

    D. The **Insured's** negligent violation of any applicable federal, state, foreign or local privacy legislation or regulation in connection with any **Claim**.

**Security Breach means:**

    A. The failure or violation of the security of the **Insured Entity's System** including the impairment or denial of access to the **Insured Entity's System**, a **Cyber Attack** or unauthorized acts or omissions by a **Rogue Employee** which damages or harms the **Insured Entity's System** or the **System** of a third party with whom the **Insured Entity** provides services for a fee;

    B. The theft or loss of hardware or **Media** controlled by, or on behalf of, an **Insured Entity** on which **Data** is stored; or

    C. The failure to disclose an event in A. or B. above which violates any **Breach Notice Law**.

**Wrongful Act** means any actual or alleged negligent act, error, omission, misstatement, misleading statement, breach of duty, **Publishing Offense** or **Personal Injury Offense** committed or attempted, or allegedly committed or attempted, or a **Privacy Breach** or **Security Breach** allowed, by an Insured in the rendering of, or failure to render **Professional Services** or **Non-Profit Services**. All **Related Wrongful Acts** shall be considered a single **Wrongful Act** and all **Related Wrongful Acts** will be deemed to have occurred at the time the first of such **Related Wrongful Acts** occurred whether prior to or during the **Policy Period**.

Your policy also contains the following exclusion which applies to this claim:

**II. EXCLUSIONS**

    This insurance does not apply to **Loss** for any **Claim:**

        O. False Pretenses

            Based upon, arising out of or in any way related to the transfer, payment or delivery of funds, money or property caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact (including but not limited to social engineering, pretexting, phishing, spear phishing or any other confidence trick).

*Policy Analysis*

Hanover is denying coverage as Exclusion O for False Pretenses contained in the policy excludes coverage for this claim. Exclusion O bars coverage for claims "[b]ased upon, arising out of or in any way related to the transfer, payment or delivery of funds, money or property caused or induced by trick, artifice, or the fraudulent misrepresentation of a material fact (including but not limited to social engineering, pretexting, phishing, spear phishing or any other confidence trick)." This exclusion operates to preclude coverage for this claim. The funds

EXHIBIT C



Mary Gertsmeier
*Professional Liability Specialist*
630-521-8449
mgertsmeier@Hanover.com

were misappropriated due to social engineering.  As Exclusion O does not limit its applicability by who is alleged to have been or actually was commingling, misappropriating or improperly using funds or monies, it is enforceable here and excludes coverage.  As the claims of failure to take security precautions and protect the client's file and communication, failure to secure email accounts, failure to prevent your computer system from being used by unauthorized third parties,  failure to have in place a method of orally confirming instructions for wire transfers and a protocol in place to properly counsel clients with respect to the transfer of money in real estate transactions arise out of, either directly or indirectly, the excluded conduct ( the wire fraud / social engineering) under the policy, the claims are  not covered under the policy. As such, Hanover is denying coverage for this claim.

If coverage was afforded, Hanover reserves rights for the demand of punitive damages as such damages are not considered "loss" under the policy definition of such.

Hanover's position is based upon the facts and allegations known thus far.  Hanover reserves all rights under the common law and the policy whether or not specifically provided for herein to supplement the basis of its denial should circumstances based on later information warrant such action.  Hanover does not intend to modify or waive any of its rights or obligations it has under the Policy.

As stated above, pursuant to *Burd v. Sussex Mutual Insurance Co.*, 56 N.J. 383 (1970), Hanover will reimburse you for the cost of a reasonable defense to the extent that Hanover is shown that this is a covered claim under the policy.

Hanover has established an Internal Appeals process which gives you the opportunity to have this coverage decision reviewed by a panel of insurance professionals. The panel will review your objections to this decision, focusing on your concerns and advise you of its decision within ten (10) working days.  Please see the enclosed document that outlines this appeals process.

If you disagree with any of the above statements or if you believe that there are additional facts that would be material to our analysis, we trust that you will let us know.


Thank you



Mary Gertsmeier
Hanover Insurance


Enclosures:   Policy, Declarations and Endorsements
Cc:                USI Insurance Services, LLC