NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAW OFFICE OF DREW J. BAUMAN, et al., <br><br> Plaintiff, <br><br> v. <br><br> THE HANOVER INSURANCE COMPANY, et al., <br><br> Defendants. | Civil Action No.: 22-4551 (CCC) <br><br> OPINION |

**CECCHI, District Judge.**

    **I.**    **INTRODUCTION**

This matter comes before the Court by way of: (i) Defendants The Hanover Insurance Company and The Hanover Insurance Group Inc.'s (the "Hanover Defendants") motion to dismiss (ECF No. 5) Plaintiffs Drew J. Bauman and Law Office of Drew J. Bauman's ("Plaintiffs") complaint (ECF No. 1-2); (ii) Defendant USI Insurance Services, LLC's ("Defendant USI") motion to dismiss (ECF No. 6) Plaintiff's complaint; and (iii) Plaintiffs' cross-motion to remand this case to the Superior Court of New Jersey, Essex County, Law Division (ECF No. 13).[1] Defendants filed replies in support of their motions and in opposition to Plaintiffs' cross-motion. ECF Nos. 14, 15. The Court has considered the submissions made in support of and in opposition to the motions and decides this matter without oral argument

---

[1] The Court has reviewed Magistrate Judge James B. Clark, III's Report and Recommendation ("R&R"), recommending that Plaintiffs' cross-motion to remand be denied. ECF No. 18. The Plaintiffs having filed no objection to the R&R, and the Court agreeing with Judge Clark that the alleged amount in controversy satisfies subject matter jurisdiction under 28 U.S.C. § 1332(a), the Court adopts Judge Clark's R&R and denies Plaintiffs' cross-motion.

pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court grants Defendants' motions to dismiss.

## II.     BACKGROUND

This action arises out of a professional liability insurance policy (the "Policy") that Plaintiffs purportedly maintained with the Hanover Defendants from at least October 2017 to October 2019.  ECF No. 1-2 at 3-4.  Plaintiffs allege that the Policy was secured for Plaintiffs through the services of Defendant USI, an insurance broker.  *Id.* at 7.  The current dispute pertains to Defendants' response to an underlying action, *James Woerner v. Drew J. Bauman et al.*, Docket No. MON-L-3086-19 (the "Woerner Action") pending in the Superior Court of New Jersey, Law Division, Monmouth County.  *Id.* at 4.  Plaintiffs contend that they were named defendants in the Woerner Action, a professional malpractice case, whereby the plaintiff is seeking damages "arising out of the representation of James Woerner by [Plaintiffs] in a real estate transaction."  *Id.*

According to the complaint, filing of the Woerner Action gave "rise to a duty by the [Hanover Defendants] to defend and indemnify" Plaintiffs under the Policy.  *Id.*  Plaintiffs purportedly notified the Hanover Defendants of the Woerner Action and their expectations of the Hanover Defendants under the Policy.  *Id.* at 4-5.  Despite Plaintiffs' repeated requests for coverage, the Hanover Defendants have allegedly "erroneously denied coverage and failed to provide Plaintiffs with a defense and indemnification for the Woerner [Action]."  *Id.* at 5.  Plaintiffs also contend that, as a result, the Hanover Defendants have breached the contract of insurance they maintain with Plaintiffs by "refusing to satisfy or failing to acknowledge its obligation" under the Policy.  *Id.*

Plaintiffs alternatively allege that Defendant USI is liable to Plaintiffs if the Policy does not require the Hanover Defendants to defend and indemnify Plaintiffs in the Woerner Action. *Id.* at 7. According to the complaint, Defendant USI was "responsible for the procurement of [Plaintiffs'] professional liability insurance . . . knew the nature of [Plaintiffs'] business and knew [their] insurance needs." *Id.* Defendant USI purportedly "undertook to advise and counsel" Plaintiffs on their insurance needs and, in doing so, "h[eld] itself out to a high level of expertise" in the industry. *Id.* Therefore, Defendant USI was negligent in securing Plaintiffs a policy that lacked adequate coverage. *Id.* On the same grounds, Plaintiffs allege that Defendant USI breached its contract with Plaintiffs "to provide the requisite insurance coverage . . . that would have provided coverage for the Woerner [Action]." *Id.* at 8.

Plaintiffs originally filed their complaint in the Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-003349-22 on June 8, 2022. *See* ECF Nos. 1 at 1, 1-2 at 1. On July 13, 2022, Defendant USI and the Hanover Defendants collectively removed the state action to this Court pursuant to 28 U.S.C. § 1446(a). ECF No. 1 at 1. Seven days later, on July 20, 2022, Defendant USI and the Hanover Defendants filed separate motions to dismiss Plaintiffs' complaint. *See* ECF Nos. 5, 6. In response, Plaintiffs filed a cross-motion to remand the action back to state court on August 12, 2022. ECF No. 13. Both Defendant USI and the Hanover Defendants subsequently filed separate replies. ECF Nos. 14, 15.

### III.   LEGAL STANDARD

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all

3

reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  However, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).  Likewise, a "pleading that offers . . . 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## IV.   DISCUSSION

Plaintiffs allege that they are entitled to declaratory relief (Count One) resulting from the Hanover Defendants' failure to defend and indemnify them in the Woerner Action, a lawsuit Plaintiffs assert is covered by the Policy.  On the same grounds, Plaintiffs seek relief on a breach of contract theory (Count Two) against the Hanover Defendants for failure to provide coverage. In opposition, the Hanover Defendants argue dismissal is appropriate because Plaintiffs have "fail[ed] to allege any facts concerning the terms of the Policy, or how the Policy was breached" and have "fail[ed] to allege what, if any, damages" resulted from the breach.  ECF No. 5-2 at 12. The Hanover Defendants further argue that the Policy itself excludes coverage for claims arising out of "the transfer, payment or delivery of funds caused or induced by a trick, artifice or [ ] fraudulent misrepresentation," which is purportedly the case in the Woerner Action.  *Id.* at 15.[2] In the alternative, Plaintiffs allege that Defendant USI was negligent (Count Three) for failing to procure a liability insurance policy with adequate coverage and that such a failure constituted a breach of contract (Count Four) between Plaintiffs and Defendant USI.  In opposition, Defendant USI argues that the negligence claim must be dismissed because "Plaintiffs fail to allege any

---

[2] While the Court need not rely on the Policy to reach its conclusion, it is within the Court's discretion to do so on a motion to dismiss.  *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (finding that, on a motion to dismiss, a court may consider "a document integral to or explicitly relied upon in the complaint") (citations omitted); *Passion for Restaurants, Inc. v. Villa Pizza, LLC*, 2022 WL 18024209, at *2 n.4 (D.N.J. Dec. 30, 2022) (considering contracts attached to reply brief but not complaint).

4

facts concerning the duties of USI, or the breach of said duties and resultant proximate damages." ECF No. 6-2 at 10. Defendant USI argues that the breach of contract claim must also fail because "Plaintiffs fail to allege the existence of a valid contract . . . any facts concerning the terms of the contract, or how or why the contract was breached." *Id.* As discussed below, the Court finds that Plaintiffs' complaint fails to state a claim against the Hanover Defendants or Defendant USI.

### a. The Hanover Defendants (Counts One & Two)

Courts in this Circuit "have routinely dismissed declaratory judgment claims that are merely redundant of a plaintiff's other claims." *Watkins v. Bai Brands, LLC*, No. 17-2715, 2018 WL 999677, at *4 (D.N.J. Feb. 20, 2018); *see also Balanced Bridge Funding LLC v. Mitnick Law Office, LLC*, No. 21-20512, 2022 WL 3593892, at *7 (D.N.J. Aug. 23, 2022). And even though "'[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate,' our Court of Appeals urges courts to exercise their discretion to decline proceeding with declaratory judgements when they duplicate other claims." *Butta v. GEICO Casualty Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (citing *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 134 (3d. Cir. 2000)) (citation omitted).

Here, Plaintiffs seek relief "declaring that [the Hanover Defendants] are obligated . . . to provide the Plaintiffs with a defense and indemnification" of the Woerner Action under the Policy. ECF No. 1-2 at 5. This claim for declaratory relief is duplicative of Plaintiffs' breach of contract claim in that "adjudication of the breach of contract claim will [ ] resolve the same issue and necessarily decide the question raised by the declaratory judgment claim." *Universal Prop. Servs. Inc. v. Lehigh Gas Wholesale Servs., Inc.*, No. 20-3315, 2021 WL 1720866, at *5 (D.N.J. Apr. 30, 2021). This is because, to state a breach of contract under New Jersey law, Plaintiffs

will need to show "that the parties entered into a contract" requiring the Hanover Defendants to provide coverage for the type of claims raised in the Woerner Action and "that [the Hanover Defendants] did not do what the contract required them to do." *Levari Enterprises, LLC v. Kenworth Truck Co.*, No. 20-cv-06210, 2021 WL 672657, at *5 (D.N.J. Feb. 22, 2021); *see also Butta*, 400 F. Supp. 3d at 233 (noting courts "decline to issue a declaratory judgment when the claim for breach of contract would necessarily involve adjudication of the issues implicated in the claim for declaratory relief"). Additionally, since Plaintiffs are already seeking compensatory damages under the breach of contract claim, ECF No. 1-2 at 6, their request for damages in connection with the declaratory judgment claim is also duplicative. *See Balanced Bridge Funding LLC*, 2022 WL 3593892, at *7 (finding declaratory relief duplicative where plaintiff was "already seeking money damages" in separate claim). Therefore, Plaintiffs' claim for declaratory relief is dismissed.

"Under New Jersey law, a complaint alleging breach of contract must, at a minimum, identify the contracts *and provisions* breached." *Eprotec Preservation, Inc. v. Engineered Materials, Inc.*, No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011) (emphasis added). Specifically, "[f]ailure to allege the specific provisions of contracts breached is grounds for dismissal." *Id.*; *see also Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must also specifically identify portions of the contract that were allegedly breached." (citation omitted)). Here, Plaintiffs' complaint references—albeit without citing, quoting, or attaching as an exhibit—the Policy as a contract for liability insurance between the parties. *See generally* ECF No. 1-2. However, Plaintiffs do not identify any specific language or provisions of the Policy that they allege the Hanover Defendants breached. Instead, Plaintiffs make the conclusory assertion that the Hanover Defendants "have breached

6

the contract of insurance . . . by refusing or failing to fully perform" under it. *Id.* at 6; *see also Grande Village LLC v. CIBC Inc.*, No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015) (dismissing breach of contract claim where plaintiff "only alleged generally that defendants breached the loan documents"). As a result, Plaintiffs' breach of contract claim against the Hanover Defendants is dismissed.[3]

### b. Defendant USI (Counts Three & Four)

Under New Jersey law, a negligence claim by an insured against an insurance broker requires showing that the broker either "(1) fail[ed] completely to arrange for an insurance policy or (2) deliver[ed] a policy that is void, materially deficient or otherwise does not provide the coverage the broker agreed to procure." *Minnesota Life Ins. Co. v. Cooke*, No. 20-CV-14326, 2021 WL 5122070, at *6 (D.N.J. Nov. 4, 2021) (quoting *Highlands Ins. Co. v. Hobbs Grp., LLC*, 373 F.3d 347, 352 (3d Cir. 2004)). Here, the complaint only alleges that Defendant USI was negligent "[t]o the extent that there is a lack of, or insufficient coverage from the Policy . . . as to the Woerner [Action]." ECF No. 1-2 at 7. That in Plaintiffs' eyes the Policy's coverage was "insufficient," without more, does not state a plausible claim of negligence against Defendant USI. There is no debate that Defendant USI secured Plaintiffs the Policy, *id.*, and Plaintiffs do not allege that the Policy was void, "materially deficient," or lacking coverage Defendant USI promised to procure,[4] *see Old Republic Ins. Co. v. Eastern King Air Serv., LLC*, No. 18-15102,

---

[3] To the extent Plaintiffs' complaint can be read to assert a claim of bad faith against the Hanover Defendants, *see* ECF No. 1-2 at 6, that claim is also dismissed. The Hanover Defendants' motion identifies specific exclusionary provisions in the Policy that "demonstrate[ ] that there is, at the very least, genuine questions regarding whether [Plaintiffs'] claims fall within the coverage provided." *See N.J. Title Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 11-CV-0630, 2011 WL 6887130, at *7 (D.N.J. Dec. 27, 2011). This renders "dismissal of a related bad faith claim [ ] proper, even on a motion to dismiss." *Nationwide Mutual Ins. Co. v. Caris*, 170 F. Supp. 3d 740, 749 (D.N.J. 2016).

[4] Plaintiffs note for the first time in their cross-motion that "USI advised [them] . . . that the policy could include cyber coverage without specifying the applicable exclusions for that coverage." ECF No. 13-1 at

7

2019 WL 2341554, at *2 (D.N.J. June 3, 2019) (dismissing negligence claim against broker where plaintiff "does not assert that the Policy was void or materially deficient"). Therefore, Plaintiffs' negligence claim against Defendant USI is dismissed.

Finally, Plaintiffs allege that Defendant USI "breached its contract with the Plaintiffs to provide [them] the requisite insurance coverage." ECF No. 1-2 at 8. However, it is well-settled law in New Jersey that breach of contract is not a recognized claim in actions against an insurance broker for failing to provide adequate coverage. *See, e.g.*, *Minnesota Life Ins. Co.*, 2021 WL 5122070, at *5 ("[U]nder New Jersey law, a claim against insurance agents or brokers for failing to obtain the proper insurance is not recognized as a claim for breach of contract but rather for negligence."); *Luzzi v. HUB Int'l Northeast Ltd.*, No. 15-6064, 2018 WL 3993450, at *7 (D.N.J. Aug. 21, 2018) ("New Jersey does not recognize a breach of contract claim in connection with the procurement of insurance."); *Call v. Czaplicki*, No. 09-6561, 2010 WL 3724275, at *11 (D.N.J. Sept. 16, 2010) ("[I]t is well-settled that New Jersey does not recognize a breach of contract claim for the negligent procurement of [ ] insurance."). As a result, Plaintiffs' breach of contract claim against Defendant USI is dismissed.

---

4. However, a plaintiff "may not amend his complaint through his opposition brief, and these new facts may not be considered by the Court on [a] motion to dismiss." *Tyler v. Cruz*, No. 15-CV-2951, 2017 WL 132842, at *5 (D.N.J. Jan. 13, 2017).

## V.    CONCLUSION

For the reasons set forth above, the Hanover Defendants and Defendant USI's motions to dismiss (ECF Nos. 5, 6) are granted and the complaint is dismissed without prejudice. Plaintiffs' cross-motion (ECF No. 13) to remand is denied. An appropriate Order accompanies this Opinion.

**DATED**: February 27, 2023

                                                                             s/ Claire C. Cecchi
                                                             **CLAIRE C. CECCHI, U.S.D.J.**